**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Delores Lee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:25-cv-01196 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| Fetch Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Dolores Lee filed suit against Defendant Fetch Package Inc. ("Fetch"), alleging that she was terminated because of her age in violation of the Age Discrimination in Employment Act ("ADEA"). Defendant Fetch now moves for summary judgment on that claim. For the following reasons, Defendant's motion is granted.

**Factual Background**

Defendant Fetch is an offsite package management and last-mile delivery platform. ECF 62 at ¶ 1. Couriers perform services for Fetch by creating an account and/or logging into the Fetch Driver App from their personal mobile device and selecting a time block. ECF 62-1 at 1-5 (Decl. of Nicholis Prijic), ¶ 8. The courier is then assigned a route, and collects the packages for their route from a warehouse. *Id*. The courier then drives to each location on the route, and delivers the package(s). *Id*. Plaintiff performed courier services for Fetch between June 2020 and November 22, 2022. ECF 62 at ¶ 3.

Plaintiff entered into agreements with Fetch on June 18, 2020, and November 23, 2021, which controlled the relationship between the parties (the "Courier Agreements"). *Id.* at ¶ 5; *see also* ECF 62-1 at 6-14 (2020 Courier Agreement), 15-24 (2021 Courier Agreement). The Courier

Agreements provided that "[i]t is the intention of the Parties that [] you shall maintain an independent contractor status and shall not be considered an employee for any purposes . . . You and Fetch agree that you are an independent contractor of Fetch, not an employee. You and Fetch further expressly agree . . . this Agreement is not an employment agreement, nor does it create an employment relationship, between Fetch and you." ECF 62-1 at 7-8, 17. The Agreements additionally provided that "[y]ou shall retain total and complete discretion as to when you provide Services. You shall solely control your own schedule . . . You shall be solely responsible for determining the most effective, efficient and safe manner to complete the Services, and you shall provide all necessary equipment, tools and other materials, at your own expense, necessary to complete the Services." *Id*. at 6, 15. The Courier Agreements further provided that Defendant "may limit or terminate Courier's ability to provide Services in accordance with the Fetch Community Guidelines"; but either party could terminate the Agreements, for any reason, by providing the counterparty with 14 days' notice. *Id*. at 13, 23. Under the Fetch Community Guidelines, a courier may have their account deactivated due to lost, stolen, damaged, or misdelivered packages. ECF 62 at ¶ 15.

Consistent with these terms, Defendant did not provide any equipment to Plaintiff or pay any related costs; Plaintiff used her own phone and vehicle to perform delivery services and retained discretion and to when and how to do so; and Defendant paid Plaintiff on a 1099 basis and did not provide Plaintiff any benefits. *See* ECF 62 at ¶¶ 8-10 (citing ECF 62-2 (transcript of Plaintiff's deposition)); *see also* 62-1 at 38-40 (1099 forms). Between December 21, 2021, and November 23, 2022, Plaintiff was responsible for ten incidents of mis-deliveries or missing packages, including four in November 2022 alone, resulting in at least $1,500 in losses to Fetch. ECF 62 at ¶ 16. As a result of these mis-deliveries, Defendant deactivated Plaintiff's account on

November 22, 2022. *Id.* at ¶ 17. Plaintiff was notified that her account was deactivated that same day with the following message: "Hi DELORES[,] unfortunately, due to Multiple deliveries have gone missing under you all the way back to 2021. You have more than $1500 worth of packages that had to be comped by Fetch that was missing under your name. The Warehouse has decided to deactivate your contract with us. We wish you the best of luck moving forward. You are free to reapply in 6 months. . . ." ECF 62-1 at 37 (deactivation message).

During her deposition, Plaintiff asserted that her age discrimination claim was based on: (a) a comment made by a Fetch employee called "Chris" about her age on or about November 18, 2022; and (b) her belief that she was the oldest courier working out of the warehouse where she picked up packages. *See* ECF 62 at ¶¶ 23-24 (citing ECF 62-2 at 45:5-47:13, 75:4-76:13). However, Plaintiff also testified that "Chris" was not involved in the decision to deactivate Plaintiff's account; that she did not know whether she was in fact the oldest courier in her warehouse; and that she "d[i]dn't know" and "d[i]dn't have any idea" whether "younger delivery partners had this number of misdeliveries and missing packages but were not deactivated." ECF 62-2 at 49:9-50:15, 52:13-15, 55:10-14, 75:4-17.

**Legal Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering such a motion, the court construes the evidence and all inferences that reasonably can be drawn therefrom in the light most favorable to the nonmoving party. *See Wesbrook v. Ulrich*, 840 F.3d 388, 391 (7th Cir. 2016); *Kvapil v. Chippewa Cty.*, 752 F.3d 708, 712 (7th Cir. 2014). "Summary judgment should be denied if the dispute is 'genuine': 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Talanda*

*v. KFC Nat'l Mgmt. Co.*, 140 F.3d 1090, 1095 (7th Cir. 1998) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see also Bunn v. Khoury Enters., Inc.*, 753 F.3d 676, 681-82 (7th Cir. 2014). The court will enter summary judgment against a party who does not "come forward with evidence that would reasonably permit the finder of fact to find in [its] favor on a material question." *Modrowski v. Pigatto*, 712 F.3d 1166, 1167 (7th Cir. 2013). "[A] court may consider only admissible evidence in assessing a motion for summary judgment." *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009).

## Discussion

### A. Genuine Dispute of Material Fact

Plaintiff argues that genuine disputes of material fact preclude summary judgment, *see* ECF 67; but she fails to carry her burden to identify any such dispute both procedurally and substantively. To begin, Plaintiff has not complied with Northern District of Illinois Local Rule 56.1 in responding to Defendant's statement of material facts. "[D]istrict courts are not obliged in our adversary system to scour the record looking for factual disputes and may adopt local rules reasonably designed to streamline the resolution of summary judgment motions." *Waldridge, v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994). Local Rule 56.1 provides that "the party opposing the motion for summary judgment is required to file and serve 'a concise response to the movant's statement that shall contain . . . a response to each numbered paragraph in the moving party's statement, including . . . specific references to the [record].'" *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 218 (7th Cir. 2015) (quoting N.D. Ill. R. 56.1(b)(3)(B)). "When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion." *Cracco v. Vitran*

*Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009) (citation omitted); *see also Curtis*, 807 F.3d at 218-19 (similar).

"Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law," the Seventh Circuit has "repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings." *See Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011). This standard, like all procedural rules, applies to *pro se* litigants. *See Greer v. Bd. of Educ.*, 267 F.3d 723, 727 (7th Cir. 2001). "The essence of liberal construction is to give a *pro se* plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable. However, a lawsuit is not a game of hunt the peanut." *Id.* "Employment discrimination cases are extremely fact-intensive, and neither appellate courts nor district courts are obliged in our adversary system to scour the record looking for factual disputes." *Id.* As a consequence, "a district court is entitled to decide the motion based on the factual record outlined in the [Local Rule 56.1] statements." *Koszola v. Bd. of Educ.*, 385 F.3d 1104, 1110 (7th Cir. 2004); *see also Waldridge*, 24 F.3d at 922 (Seventh Circuit has "repeatedly . . . sustain[ed] the entry of summary judgment when the non-movant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts.").

Here, the entirety of Plaintiff's response to Defendant's statement of material facts reads as follows: "Plaintiff disputes Defendant's statements regarding lack of factual dispute, employment status, and reasons for termination, and asserts that genuine issues remain for trial." ECF 67. Following Defendant's filing of its reply brief, Plaintiff attempted, seemingly, to supplement her response. *See* ECF 71. Her supplemental response also fails to adhere to the form required by Rule 56.1—namely, to admit or deny, paragraph by paragraph, the facts asserted in

Defendant's statement of material facts. Instead, Plaintiff's supplemental response primarily makes legal arguments. *See, e.g.*, *id.* ("Bankruptcy does not bar Plaintiff's claims . . . Genuine issues require trial . . .").[1] Consequently, Plaintiff admits virtually every fact contained in Defendant's statement of material facts.

Even disregarding these procedural issues (to the extent possible), Plaintiff fails to carry her substantive burden under Federal Rule of Civil Procedure 56 to identify a genuine dispute of material fact. Summary judgment should only "be denied if the dispute is 'genuine': 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Talanda*, 140 F.3d at 1095. The nonmovant must "come forward with evidence that would reasonably permit the finder of fact to find in [its] favor on a material question." *Modrowski*, 712 F.3d at 1167. Here, Plaintiff's response fails to identify a dispute of *material* fact. For example, Plaintiff writes that she "was compensated through a company-issued pay card. These records (Exhibit A) confirm an ongoing working relationship and contradict any claim that Plaintiff was not actively engaged in work." ECF 71 at 1. Exhibit A contains two pictures of a Branch debit card (which do not indicate that the card was issued by Fetch). *Id.* at 3-4. The *material* fact is not whether Plaintiff was "actively engaged in work," but whether she was "actively engaged in work" *as an employee*. *See, e.g.*, ECF 62 at ¶ 4. Likewise, Plaintiff states that she "filed for bankruptcy on October 24, 2023. The case was discharged on July 3, 2024 and is closed. . . . Plaintiff has accurately disclosed this

[1] As Plaintiff is unrepresented, Defendant was required pursuant to Local Rule 56.2 to serve Plaintiff "with its summary judgment papers and a copy of Federal Rule of Civil Procedure 56, Local Rule 56.1, and this Local Rule 56.2 Notice. The moving party must also file this Local Rule 56.2 Notice, with a certificate of service." Defendant filed the Local Rule 56.2 Notice, but did not file a certificate of service. This procedural defect is negligible, particularly in light of the fact that Plaintiff did attempt to supplement her Rule 56.1 response; and because the Court does not base its decision to deem Defendant's facts admitted solely upon Plaintiff's failure to comply with the Local Rules, its enforcement of the Local Rules here is not uneven. *See Stevo*, 662 F.3d at 887 ("We have not endorsed the . . . proposition that litigants are entitled to expect strict enforcement [of the local rules] by district courts. Rather, 'it is clear that the decision whether to apply the rule strictly or to overlook any transgression is one left to the district court's discretion.'") (quoting *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995)).

information." *Id*. at 1 (citing Exhibit C, Plaintiff's bankruptcy discharge). The *material* fact is not whether Plaintiff disclosed her bankruptcy, but whether she disclosed *her age discrimination claim as an asset during her bankruptcy*. *See* ECF 62 at ¶ 31. Therefore, the Court finds that there is no genuine dispute of material fact.

**B. Judgment as a Matter of Law**

The Court next considers whether Defendant is entitled to judgment as a matter of law. Defendant argues that summary judgment should be granted in its favor because Plaintiff was an independent contractor, not an employee, and thus is not entitled to the protections of the ADEA. The ADEA prohibits "an *employer* . . . [from] fail[ing] or refus[ing] to hire or to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1) (emphasis added). "Because 'employers' only 'hire' and 'discharge' employees, courts have excluded independent contractors from the ADEA's protection." *EEOC v. N. Knox School Corp.*, 154 F.3d 744, 746 (7th Cir. 1998). The Seventh Circuit has identified five factors to examine the "economic realities" of a working relationship and to determine whether the worker was an employee for purposes of the ADEA:

> (1) the extent of the employer's control and supervision over the worker, including directions on scheduling and performance of work, (2) the kind of occupation and nature of skill required, including whether skills are obtained in the work place, (3) responsibility for the costs of operation, such as equipment, supplies, fees, licenses, workplace, and maintenance operations, (4) method and form of payment and benefits, and (5) length of job commitment and/or expectations.

*Id.* (quoting *Knight v. United Farm Bureau Mut. Ins. Co*., 950 F.2d 377, 378-79 (7th Cir. 1991)). No factor is dispositive, but "'the employer's right to control is the most important when

determining whether an individual is an employee or an independent contractor.'" *Id.* (quoting *Knight*, 950 F.2d at 378). "More than simply evaluating the purported employer's control over the result to be achieved, we look at whether the purported employer controlled the details by which that result is achieved." *Wells v. Freeman Co.*, 94 F.4th 608, 615 (7th Cir. 2024) (internal quotation marks and citation omitted).[2]

Here, and beginning with control, the Courier Agreements "expressly refer[] to [couriers] as independent contractors, not employees." *Vakharia v. Swedish Covenant Hosp.*, 190 F.3d 799, 805 (7th Cir. 1999). Plaintiff asserts that her "work was controlled by Defendant," ECF 67, but "does not point to any specific evidence that would substantiate her claim that [Defendant] exercised close control or call into the question the express statement in the [Courier Agreements] to the contrary," *Vakharia*, 190 F.3d at 806. Indeed, Defendant's evidence shows that Plaintiff controlled her work schedule (including duration and frequency) and how she conducted her work (including the equipment she used and which route she took to each delivery location). Plaintiff also bore responsibility for the cost of her equipment, and any costs related to her delivery services. *See Worth v. Tyer*, 276 F.3d 249, 264 (7th Cir. 2001) ("If an entity bears costs of operation . . . an employee/employer relationship is more likely."). Defendant paid Plaintiff on IRS Form 1099, did not withhold taxes, and provided Plaintiff with no benefits. *See id.* (if "the entity pays the appropriate taxes . . . and gives the individual benefits," employee status is more likely). These factors weigh in favor of independent contractor status. The remaining factors either weigh against independent contractor status, or are neutral. The Courier Agreements do not specify a set length, and thus do not indicate independent contractor status. *See id.* ("Contracts of a set length often

[2] In addition to citing federal precedent, Defendant makes its argument on this issue under state law in view of a choice-of-law provision in the Courier Agreements selecting Texas law, *see* ECF 60 at 5-7; but federal law controls on this issue, *see Montgomery v. Brookshire*, 34 F.3d 291, 295 (5th Cir. 1994) ("The determination of employee status [for purposes of the ADEA and/or Title VII] is ultimately governed by federal rather than state law . . .").

indicate independent contractor status."). As the parties submit no evidence concerning the nature of skill or training required for Fetch couriers, this factor is neutral.

Taking these factors together, the Court finds that Plaintiff was an independent contractor, not an employee, of Fetch. As such, she is not entitled to the protections of the ADEA. Therefore, Defendant is entitled to summary judgment as a matter of law on this basis; and the Court does not reach the parties' other arguments.

## Conclusion

Defendant's motion for summary judgment [59] is granted. Plaintiff's motion for status update [72] is terminated as a pending motion. The Clerk is directed to enter judgement in favor of Defendant. Civil case terminated. If Plaintiff wishes to appeal, she must file a notice of appeal with this Court within 30 days of entry of this judgment. *See* Fed. R. App. P. 4(a)(1).

**SO ORDERED.**

**ENTERED: November 23, 2026**



**HON. JORGE L. ALONSO**
**United States District Judge**